UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMUNDO SALVADOR URAGA PAVIAS and
JORGE LUIS MIRANDA GARCIA, *individually and
on behalf of others similarly situated,*

Plaintiffs,

-against-

JEANNIE'S DELI CORP. (D/B/A PARK FRESH
DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), PARK FRESH DELI
EXPRESS CORP. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE ,

Defendants.

Case No. 1:19-cv-01881

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants  JEANNIE'S DELI CORP. and SUK N. PARK ("Defendants") by and through

their undersigned counsel, hereby respond to the Complaint according to the numbered paragraphs

thereof:

## NATURE OF THE ACTION

1.      Defendants admit the allegations in Paragraph "1" of the Complaint to the extent that

Plaintiffs are former employees of Jeannie's Deli Corp. and/or Park Fresh Deli Express Corp. and

deny the remaining allegations in Paragraph "1".

2.      Defendants admit the allegations set forth in Paragraph "2" of the Complaint to the extent that Jeannie's Deli Corp. owns a deli located at 194 8th Avenue, New York, New York 10011.

3.      Defendants deny the allegations contained in Paragraph "3" of the Complaint.

4.      Defendants admit the allegations contained in Paragraph "4" of the Complaint.

5.      Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7.      Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8.      Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9.      Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10.     Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11.     Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12.     Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13.     Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14.     Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15.     Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16.     Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and other similarly situated individuals but deny that this case may be maintained as a collective action and deny that Plaintiffs or other individuals are entitled to any relief whatsoever.

17.     Defendants admit that Plaintiffs purport to seek certification of this action as a collective action on behalf of themselves and other similarly situated individuals but deny that this case may be certified as a collective action and deny that Plaintiffs or other individuals are entitled to any relief whatsoever.

2

## JURISDICTION AND VENUE

18.     Defendants state that the allegations in Paragraph "18" of the Complaint are statements or conclusions of law not subject to admission or denial.

19.     Defendants admit the allegations contained in Paragraph "19" to the extent venue is proper but deny the remaining allegations contained in Paragraph "19" of the Complaint.

## THE PARTIES

*Plaintiffs*

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendants admit the allegations in Paragraph "21" of the Complaint to the extent that Plaintiff Uraga was employed by Park Fresh Deli Express Corp. and Jeannie's Deli Corp.

22.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendants admit the allegations in Paragraph "23" of the Complaint to the extent that Plaintiff Miranda was employed by Jeannie's Deli Corp.

*Defendants*

24.     Defendants admit the allegations set forth in Paragraph "24" of the Complaint to the extent that Jeannie's Deli Corp. owns a deli located at 194 8th Avenue, New York, New York 10011.

25.     Defendants admit the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendants admit the allegations in Paragraph "26" of the Complaint.

27.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.     Defendants admit the allegations set forth in Paragraph "31" of the Complaint to the extent that Jeannie's Deli Corp. operates a deli located at 194 8th Avenue, New York, New York 10011.

32.     Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33.     Defendants deny  the allegations contained in Paragraph "33" of the Complaint.

34.     Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35.     Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36.     Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37.     Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38.     Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39.     Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph "40" of the Complaint..

*Individual Plaintiffs*

41.     Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42.     Defendants admit that the Plaintiffs seek to represent a class of similarly situated individuals, deny there are any such individuals and deny any liability to the Plaintiffs or any other individuals.

*Plaintiff Raymundo Salvador Uraga Pavias*

43.     Defendants admit the allegations set forth in Paragraph "43" of the Complaint to the extent Plaintiff Uraga Pavias was employed by Park Fresh Deli Express Corp and Jeannie's Deli Corp.

44.     Defendants admit the allegations set forth in Paragraph "44" of the Complaint to the extent that Park Fresh Deli Express Corp and Jeannie's Deli Corp. employed Plaintiff Uraga Pavias as a sandwich preparer.

45.     Defendants state that the allegations set forth in Paragraph "45" of the Complaint are statements or conclusions of law not subject to admission or denial.

46.     Defendants admit the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendants admit the allegations set forth in Paragraph "47" of the Complaint to the extent that Plaintiff Uraga at times worked more than 40 hours per week.

48.     Defendants deny  the allegations contained  in Paragraph "48" of the Complaint.

49.     Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52.     Defendants admit the allegations contained in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54.     Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55.     Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58.     Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59.     Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60.     Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61.     Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62.     Defendants deny the allegations contained in Paragraph "62" of the Complaint.

63.     Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64.     Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65.     Defendants deny the allegations contained in Paragraph "65" of the Complaint.

*Plaintiff Jorge Luis Miranda Garcia*

66.     Defendants admit the allegations contained in Paragraph "66" of the Complaint to the extent that Plaintiff Miranda was employed by Jeannie's Deli Corp.

67.     Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68.     Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69.     Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70.     Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71.     Defendants admit the allegations contained in Paragraph "71" of the Complaint.

72.     Defendants admit the allegations contained in Paragraph "72" of the Complaint to the extent that at times Plaintiff Miranda worked more than 40 hours a week.

73.     Defendants deny the allegations contained in Paragraph "73" of the Complaint.

6

74.     Defendants deny the allegations contained in Paragraph "74" of the Complaint.

75.     Defendants deny the allegations contained in Paragraph "75" of the Complaint.

76.     Defendants deny the allegations contained in Paragraph "76" of the Complaint.

77.     Defendants admit the allegations contained in Paragraph "77" of the Complaint.

78.     Defendants deny the allegations contained in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations contained in Paragraph "80" of the Complaint.

81.     Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82.     Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84.     Defendants deny the allegations contained in Paragraph "84" of the Complaint.

85.     Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86.     Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87.     Defendants deny the allegations contained in Paragraph "87" of the Complaint.

88.     Defendants deny the allegations contained in Paragraph "88" of the Complaint.

89.     Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90.     Defendants deny the allegations contained in Paragraph "90" of the Complaint.

91.     Defendants deny the allegations contained in Paragraph "91" of the Complaint.

92.     Defendants deny the allegations contained in Paragraph "92" of the Complaint.

*Defendants' General Employment Practices*

93.     Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94.     Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95.     Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96.     Defendants deny the allegations contained in Paragraph "96" of the Complaint.

97.     Defendants deny the allegations contained in Paragraph "97" of the Complaint.

98.     Defendants deny the allegations contained in Paragraph "98" of the Complaint.

99.     Defendants deny the allegations contained in Paragraph "99" of the Complaint.

100.    Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101.    Defendants deny the allegations contained in Paragraph "101" of the Complaint.

102.    Defendants state that the allegations in Paragraph "102" of the Complaint are statements or conclusions of law not subject to admission or denial.

103.    Defendants deny the allegations contained in Paragraph "103" of the Complaint.

104.    Defendants deny the allegations contained in Paragraph "104" of the Complaint.

105.    Defendants deny the allegations contained in Paragraph "105" of the Complaint.

106.    Defendants deny the allegations contained in Paragraph "106" of the Complaint.

107.    Defendants deny the allegations contained in Paragraph "107" of the Complaint.

108.    Defendants deny the allegations contained in Paragraph "108" of the Complaint.

109.    Defendants state that the allegations in Paragraph "109" of the Complaint are statements or conclusions of law not subject to admission or denial.

110.    Defendants deny the allegations contained in Paragraph "110" of the Complaint.

111.    Defendants admit the allegations contained in Paragraph "111" of the Complaint.

112.    Defendants deny the allegations contained in Paragraph "112" of the Complaint.

113.    Defendants deny the allegations contained in Paragraph "113" of the Complaint.

114.    Defendants deny the allegations contained in Paragraph "114" of the Complaint.

8

115.    Defendants deny the allegations contained in Paragraph "115" of the Complaint.

116.    Defendants deny the allegations contained in Paragraph "116" of the Complaint.

117.    Defendants deny the allegations contained in Paragraph "117" of the Complaint.

### FLSA COLLECTIVE ACTION CLAIMS

118.    Defendants admit that the Plaintiffs purport to bring this action on behalf of themselves and other similarly situated individuals but deny that this case may be maintained as a collective action and deny that Plaintiffs or other individuals are entitled to any relief whatsoever.

119.    Defendants deny the allegations contained in Paragraph "119" of the Complaint.

120.    Defendants deny the allegations contained in Paragraph "120" of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

### VIOLATION OF THE
### MINIMUM WAGE PROVISIONS OF THE FLSA

121.    Defendants deny the allegations contained in Paragraph "121" of the Complaint, except as previously admitted.

122.    Defendants deny the allegations contained in Paragraph "122" of the Complaint.

123.    Defendants state that the allegations in Paragraph "123" of the Complaint are statements or conclusions of law not subject to admission or denial.

124.    Defendants state that the allegations in Paragraph "124" of the Complaint are statements or conclusions of law not subject to admission or denial.

125.    Defendants deny the allegations contained in Paragraph "125" of the Complaint.

126.    Defendants deny the allegations contained in Paragraph "126" of the Complaint.

127.    Defendants deny the allegations contained in Paragraph "127" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

**VIOLATION OF THE**
**OVERTIME PROVISIONS OF THE FLSA**

128.    Defendants deny the allegations contained in Paragraph "128" of the Complaint, except as previously admitted.

129.    Defendants deny the allegations contained in Paragraph "129" of the Complaint.

130.    Defendants deny the allegations contained in Paragraph "130" of the Complaint.

131.    Defendants deny the allegations contained in Paragraph "131" of the Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

**VIOLATION OF THE**
**NEW YORK MINIMUM WAGE ACT**

132.    Defendants deny the allegations contained in Paragraph "132" of the Complaint, except as previously admitted.

133.    Defendants deny the allegations contained in Paragraph "133" of the Complaint.

134.    Defendants deny the allegations contained in Paragraph "134" of the Complaint.

135.    Defendants deny the allegations contained in Paragraph "135" of the Complaint.

136.    Defendants deny the allegations contained in Paragraph "136" of the Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

**VIOLATION OF THE**
**OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

137.    Defendants deny the allegations contained in Paragraph "137" of the Complaint, except as previously admitted.

138.    Defendants deny the allegations contained in Paragraph "138" of the Complaint.

139.    Defendants deny the allegations contained in Paragraph "139" of the Complaint.

140.    Defendants deny the allegations contained in Paragraph "140" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

141.    Defendants deny the allegations contained in Paragraph "141" of the Complaint, except as previously admitted.

142.    Defendants deny the allegations contained in Paragraph "142" of the Complaint.

143.    Defendants deny the allegations contained in Paragraph "143" of the Complaint.

144.    Defendants deny the allegations contained in Paragraph "144" of the Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

145.    Defendants deny the allegations contained in Paragraph "145" of the Complaint, except as previously admitted.

146.    Defendants deny the allegations contained in Paragraph "146" of the Complaint.

147.    Defendants deny the allegations contained in Paragraph "147" of the Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

148.    Defendants deny the allegations contained in Paragraph "148" of the Complaint, except as previously admitted.

149.    Defendants deny the allegations contained in Paragraph "149" of the Complaint.

150.    Defendants deny the allegations contained in Paragraph "150" of the Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

151.    Defendants deny the allegations contained in Paragraph "151" of the Complaint, except as previously admitted.

152.    Defendants deny the allegations contained in Paragraph "152" of the Complaint.

153.    Defendants deny the allegations contained in Paragraph "153" of the Complaint.

## AS AND FOR AN ANSWER TO THE NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW

154.    Defendants deny the allegations contained in Paragraph "154" of the Complaint, except as previously admitted.

155.    Defendants deny the allegations contained in Paragraph "155" of the Complaint.

156.    Defendants state that the allegations in Paragraph "156" of the Complaint are statement or conclusions of law not subject to admission or denial.

157.    Defendants deny the allegations contained in Paragraph "157" of the Complaint.

158.    Defendants deny the allegations contained in Paragraph "158" of the Complaint.

159.    Defendants deny the allegations contained in Paragraph "159" of the Complaint.

## AS AND FOR AN ANSWER TO THE TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

160.    Defendants deny the allegations contained in Paragraph "160" of the Complaint, except as previously admitted.

161.   Defendants deny the allegations contained in Paragraph "161" of the Complaint.

162.   Defendants deny the allegations contained in Paragraph "162" of the Complaint.

## AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

Plaintiffs fail, in whole or in part, to state claims upon which relief can be granted.

### As and for a Second Affirmative Defense

Plaintiffs fail to state a cause of action against Defendant Suk N. Park because Park was not Plaintiffs' employer.

### As and for a Third Affirmative Defense

Defendants acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices with respect to Plaintiffs and other employees.

### As and for a Fourth Affirmative Defense

Plaintiffs' attempt to pursue this case as a collective and/or class action fails because an independent and individual analysis or Plaintiffs' claims and the claims of each potential opt-in and class member and each of Defendants' defenses is required.

### As and for a Fifth Affirmative Defense

No act or omission of Defendants was willful, knowing or in reckless disregard of applicable law.

### As and for a Sixth Affirmative Defense

All or some of the Plaintiffs' claims are barred by the applicable statute of limitations.

13

*As and for a Seventh Affirmative Defense*

Plaintiffs were completely and timely paid for all of the hours worked and Defendants are

therefore not liable for any alleged failure to provide wage notices or wage statements.

*As and for a Eighth Affirmative Defense*

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed

falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the

New York Labor Law, and their implementing regulations.

WHEREFORE, Defendants demands that the Complaint be dismissed in its entirety

together with costs and such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
      April 15, 2019

                                                  Avrohom Gefen, Esq.
                                                  Vishnick McGovern Milizio LLP
                                                  *Attorneys for Defendants Jeannie's Deli*
                                                  *Corp. and Suk N. Park*
                                                  3000 Marcus Avenue, Suite 1E9
                                                  Lake Success, NY 11042
                                                  AGefen@vmmlegal.com
                                                  Tel.   (516) 437-4385
                                                  Fax   (516) 437-4395

TO:    MICHAEL FAILLACE &ASSOCIATES, P.C.
         *Attorneys for Plaintiffs*
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Faillace@employmentcompliance.com
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620