# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

October 3, 2019

**VIA ECF**

Hon. Paul A. Engelmayer  
United States District Judge  
United States District Court  
Southern District of New York  
40 Centre Street  
New York, NY 10007

          **Re:**    *Uraga Pavias et al v. Jeannie's Deli Corp.*  
                **Case No. 19cv1881 (PAE) (SN)**

Your Honor:

      This office represents Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), and Suk N Park ("Defendants" and together with Plaintiffs, the "Parties").

      The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation through the Court's mediation program before Laurence Silverman. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Hon. Paul A. Engelmayer
October 3, 2019
Page 2 of 8

The Parties represent to the Court that while the Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

Plaintiffs were employed by Defendants to work at a deli located at 194 8th Avenue, New York, New York 10011, under the name "Park Fresh Deli," and previously known as Jeannie's Deli.

Plaintiffs allege that Plaintiff Raymundo Salvador Uraga Pavias was employed by Defendants as a sandwich maker from approximately 2010 until on or about February 9, 2019. From approximately February 2013 until on or about June 2016, Plaintiff Uraga worked from approximately 7:00 a.m. until on or about 7:00 p.m. to 7:30 p.m., 6 days a week. From approximately July 2016 until on or about January 2017, Plaintiff Uraga worked from approximately 7:00 a.m. until on or about 5:00 p.m. to 5:30 p.m., 6 days a week. From approximately January 2017 until on or about September 2018, Plaintiff Uraga worked from approximately 6:00 a.m. until on or about 2:00 p.m. to 2:30 p.m., 6 days a week. From approximately October 2018 until on or about February 9, 2019, Plaintiff Uraga worked from approximately 8:30 p.m. to 9:00 p.m. until on or about 5:00 a.m. to 5:30 a.m., 6 days a week. Throughout his employment, Plaintiff Uraga was paid his wages in cash. From approximately February 2013 until December 2014, Plaintiff Uraga was paid a fixed salary of $540 per week. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Uraga a fixed salary of $580 per week. From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Uraga a fixed salary of $670 per week. In 2017 Defendants paid Plaintiff Uraga a fixed weekly salary of $800 per week. In 2018 and 2019,

Defendants paid Plaintiff Uraga in accordance with minimum and overtime laws, but did not pay him spread of hours pay.

Plaintiffs allege that Plaintiff Jorge Luis Miranda Garcia worked for Defendants from approximately June 2017 until February 23, 2019. Plaintiff Miranda worked as a stocker and delivery worker, and was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to mopping, sweeping, cleaning the windows, preparing yogurts, cutting vegetables, fruits and meats, stocking delivery products, dishwashing and cleaning the sidewalk in front of the store. In 2017 Plaintiff Miranda was paid at a fixed daily salary that regularly paid him $620 per week for approximately 62 hours of work, but would be reduced by $100 on rare occasions when he worked five days instead of six. Plaintiff Miranda was paid a legal rate of pay in 2018, but in 2019 he was paid at the rate of $13.25 per hour as his regular rate of pay and $19.875 as his overtime rate of pay. That was below the New York minimum wage rate of $13.50 per hour and overtime of $20.25 per hour.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants denied Plaintiffs' allegations and possess documentation that they allege supports their position. Defendants produced documentation that forced Plaintiffs to accept that Uraga was paid the correct minimum and overtime wage in 2018 and 2019, and that Miranda was paid the correct minimum and overtime wage in 2018. It also tended to discredit some of the original allegations of the complaint. For periods before 2018, the documents did not appear to

clearly identify the basis of the Plaintiffs' pay, but possibly indicated a fixed daily rate rather than a weekly rate. Moreover, Defendants have claimed an inability to pay a large judgment. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**<u>Settlement</u>**

The Parties have agreed to resolve this action for the total sum of $150,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $154,000 in minimum and overtime base damages. However, if Defendants were to succeed, they estimate that the Plaintiffs would be entitled to a minor amount, if anything at all. Moreover, because of Defendants' limited resources, the settlement amount may be well above what the Plaintiffs could recover if they obtained a judgment.

$99,488.67 of the settlement amount will be paid to the Plaintiffs. The remaining $50,511.33 will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* <u>Crabtree v. Volkert, Inc.</u>, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." <u>Wolinsky</u>, 900 F.Supp.2d at 225 (*quoting* <u>Medley v. Am. Cancer Soc.</u>, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiffs. The Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. The $150,000 being paid is approximately the Plaintiffs best-case scenario wage recovery, and the $99,488.67 that they will be receiving after attorneys' fees accounts for a significant portion of any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully prove that Defendants paid the Plaintiffs in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion, as the Parties settled at a settlement conference conducted by Laurence Silverman through the Court's mediation program.

**<u>The Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, the Plaintiffs' counsel will receive $50,511.33 from the settlement fund as attorneys' fees and costs. This represents costs plus one-third of the Settlement amount after costs, a reduction in fees from what is identified in the g Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* <u>Calle v. Elite Specialty Coatings Plus, Inc.</u>, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014)

("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 and indicated by the initials "MF."

- Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced

complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star for employment litigation each year from 2014 through 2018. His work is indicated by the initials "JA."

- Work performed by paralegals is indicated by the initials "PL." and billed at the rate of $100 per hour.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

The Plaintiffs have been represented by counsel throughout this lawsuit, and the Plaintiffs' counsel has agreed to the settlement amount based on the approval of his clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks*, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.

Hon. Paul A. Engelmayer
October 3, 2019
Page 8 of 8

        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiffs*

cc:    Andrew Kimler, Esq. (via ECF)
       Avrohom Gefen, Esq. (via ECF)
       *Attorney for Defendants*