**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAYMUNDO SALVADOR URAGA
PAVIAS and JORGE LUIS MIRANDA
GARCIA, *individually and on behalf of others
similarly situated,*

              *Plaintiffs,*

       -against-

JEANNIE'S DELI CORP. (D/B/A PARK
FRESH DELI F/D/B/A JEANNIE'S DELI
CORP. F/D/B/A CHELSEA FOOD
MARKET), PARK FRESH DELI EXPRESS
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE

              *Defendants.*

19-cv-01881-PAE

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE OF CLAIMS**

       This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the one hand, and Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), on the other hand.

       WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

       WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 19-cv-1881, (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

       WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of One-Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00) (the "Negotiated Settlement Amount") to be paid to Plaintiffs and Plaintiffs' attorneys as follows:

i.       A payment in the amount of Forty Thousand Dollars and Zero Cents ($40,000.00), for immediate deposit to be delivered within fourteen (14) days of court approval of the Agreement and receipt by the Defendants' attorney of a duly executed IRS W-9 from the Plaintiffs and Plaintiffs' counsel, paid as follows: (A) one check in the amount of $24,407.89 made payable to Raymundo Salvador Uraga Pavias; (B) one check in the amount of $2,122.42 made payable to Jorge Luis Miranda Garcia; and (C) one check in the amount of $13,469.69 made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs."

ii.      Five Payments in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) shall become due on the 10th of each month beginning August 10, 2019 through December 10, 2019, each to be paid as follows: (A) one check in the amount of $3,050.99 made payable to Raymundo Salvador Uraga Pavias; (B) one check in the amount of $265.30 made payable to Jorge Luis Miranda Garcia; and (C) one check in the amount of $1,683.71 made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs. The payments identified in this paragraph shall be paid within 30 days of Court Approval of this Agreement, or final dismissal of the Litigation.

iii.     A payment in the amount of Eighty Five Thousand Dollars and Zero Cents ($85,000.00) paid as follows: (A) one check in the amount of $48,815.77 made payable to Raymundo Salvador Uraga Pavias; (B) one check in the amount of $9,244.85 made payable to Jorge Luis Miranda Garcia; and (C) one check in the amount of $26,939.38 made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," to be delivered for immediate deposit on or before January 10, 2020. In the event the settlement is not yet approved by the due date, or the action is not finally dismissed, the payment shall be delivered within 30 days of Court Approval or final dismissal.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

3.       (a)      In the event that the Settlement Amount is not paid by the payment date set

forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment.  Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as Exhibit A.

(b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

4.     Failure to Pay: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally $300,000, less any payments made under this Agreement.  Defendants shall deliver to Michael Faillace & Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Court approval of this Agreement or final dismissal of this Litigation. The Confessions of Judgment shall be held in escrow by Plaintiffs' counsel and shall not be filed in any court under any circumstances, other than in the event of an uncured default of payment. Upon receipt of the final payment of the Negotiated Settlement Amount, the Confessions of Judgment shall be returned to Defendants' counsel for destruction.

5.     Releases

(a)     **Release by Plaintiffs.**  Plaintiffs are no longer employees of the Defendants.  Each Plaintiff knowingly and voluntarily releases and forever discharge Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners, affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents (the "Releasees") of and from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, interest, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.    Nothing herein contained shall constitute a release by such Plaintiff of any claims as to which the law prohibits a release.

(b) Plaintiffs hereby authorize and direct their attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this Action.  Such Stipulation shall be filed by counsel for Plaintiffs within thirty days of court approval of this settlement agreement.

(c) Plaintiffs hereby authorize and direct their attorneys to dismiss the Action with prejudice.

6.      No Admission of Wrongdoing:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7.      Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

8.      Acknowledgment:      Plaintiffs and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter, and have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9.      Notices:      Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

**Avrohom Gefen, Esq.**
Vishnick McGovern Milizio LLP
3000 Marcus Ave., Suite 1E9
Lake Success, NY 11042
Tel:    516-437-4385 x. 119
Email:  agefen@vmmlegal.com

10.     Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11.     Severability:  If any provision of this Agreement is held to be illegal, void, or

unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12.     Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

13.     Covenant Not to Sue: Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph five (5) of this Agreement. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement are a party based on any claims that are referred in paragraph five (5) of this Agreement. Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph five (5) of this Agreement. As of the date of execution of this Agreement, Plaintiffs are unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against Defendants or Releasees as defined herein, including all related entities/individuals noted in paragraph five (5), for any of the type of claims asserted in the Complaint filed in this Action.

14.     Accord and Satisfaction: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal of the subsequent action.

15.     No Assignment: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

16.     Entire Agreement: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

17.  <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

18.  <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

19.  <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

20.  <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

21.  <u>Attorneys' Fees and Costs</u>:  Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.  However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

22.  <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

24.  <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

<u>Plaintiffs:</u>

By: _____          Date: 10/02/2019

RAYMUNDO SALVADOR URAGA PAVIAS

By: _____          Date: 10/02/19

JORGE LUIS MIRANDA GARCIA

<u>Defendants:</u>

JEANNIE'S DELI CORP. (D/B/A PARK
FRESH DELI F/D/B/A JEANNIE'S DELI
CORP. F/D/B/A CHELSEA FOOD
MARKET)

By: _____

Print Name _SUK  N. Park_

Title_Pres_

Date: _9/11/19_

PARK FRESH DELI EXPRESS
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET)

By: _____

Print Name _SUK  N  Park_

Title_Pres_

Date: _9/11/19_

DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET)

By: _____

Print Name _SUK  N.  Park_

Title_Pres_

Date: _9/11/19_

_____
SUK N PARK

Date: _9/11/19_

8

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------x

RAYMUNDO SALVADOR URAGA
PAVIAS and JORGE LUIS MIRANDA
GARCIA, *individually and on behalf of others
similarly situated,*

                   *Plaintiffs,*

          -against-

JEANNIE'S DELI CORP. (D/B/A PARK
FRESH DELI F/D/B/A JEANNIE'S DELI
CORP. F/D/B/A CHELSEA FOOD
MARKET), PARK FRESH DELI EXPRESS
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE
               *Defendants.*

Index No.

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

------------------------------x

STATE OF NEW YORK   )
                  : ss.:
COUNTY OF  *N.Y.*   )

    1.    I reside in _*N.Y.*_ County.

    2.    I, Suk N. Park, am the President of Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market). I am duly authorized to make this affidavit of confession of judgment on behalf of Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market).

    3.    Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), maintains its principal place of business in New York County at _194 8th Ave NY NY 10011._

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the one hand, and the Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh

Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against, Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), individually and in favor of Plaintiffs for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made.

5.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

6.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made, Suk N. Park.

Jeanie's Deli Corp. (d/b/a Park Fresh
Dli f/d/b/a Jeannie's Deli Corp.
f/d/b/a Chelsea Food Market)

By: _____

Title: President

STATE OF __N Y__ )
                  : ss.:

On __9—11__, 2019, before me personally came _Suk Nak Park_, to me known, who, by me duly sworn, did depose and say that deponent resides at _194 8th Ave N Y N Y_, that deponent is the President of Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) and was authorized to do so.

_____
Notary Public

ANDREW A. KIMLER
Notary Public, State of New York
No. 01KI4658850
Qualified in New York County
Commission Expires 09/30/20 22

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x

RAYMUNDO SALVADOR URAGA       :
PAVIAS and JORGE LUIS MIRANDA       :
GARCIA, *individually and on behalf of others*       :
*similarly situated,*       :
      :
      *Plaintiffs,*       :
      :
      -against-       :
      :
JEANNIE'S DELI CORP. (D/B/A PARK       :
FRESH DELI F/D/B/A JEANNIE'S DELI       :
CORP. F/D/B/A CHELSEA FOOD       :
MARKET), PARK FRESH DELI EXPRESS       :
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE
      *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - -x

**Index No.**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK       )
      : ss.:
COUNTY OF       )

1.       I reside in _____ County.

2.       I, Suk N. Park, am the President of PARK FRESH DELI EXPRESS CORP. (D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A CHELSEA FOOD MARKET). I am duly authorized to make this affidavit of confession of judgment on behalf of Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/ba/ Jeanie's Deli Corp. f/d/b/a Chelsea Food Market).

3.       PARK FRESH DELI EXPRESS CORP. (D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A CHELSEA FOOD MARKET), maintains its principal place of business in New York County at _____.

4.       Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the one hand, and the Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli

13

Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against, Jeanie's Deli Corp. (d/b/a Park Fresh Dli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), individually and in favor of Plaintiffs for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made.

5.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

6.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made, Suk N. Park.

PARK FRESH DELI EXPRESS CORP.
(D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET)

By: _____

_____
Title: President

STATE OF _____ )
                     : ss.:

On _____, 2019, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeanie's Deli Corp. (f/d/b/a Chelsea Food Market) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeanie's Deli Corp. (f/d/b/a Chelsea Food Market) and was authorized to do so.

_____
Notary Public

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
----------------------------------------------------------------X

RAYMUNDO SALVADOR URAGA
PAVIAS and JORGE LUIS MIRANDA
GARCIA, *individually and on behalf of others
similarly situated,*

                      *Plaintiffs,*

      -against-

JEANNIE'S DELI CORP. (D/B/A PARK
FRESH DELI F/D/B/A JEANNIE'S DELI
CORP. F/D/B/A CHELSEA FOOD
MARKET), PARK FRESH DELI EXPRESS
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE
----------------------------------------------------------------X
             *Defendants*

Index No.

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

STATE OF NEW YORK    )
                        ) ss.
COUNTY OF _____  )

    I _____, being duly sworn, deposes and says:

1.    I, Suk N. Park, am the President of Delicious Food Mart, Inc. ((D/B/A PARK

2.    FRESH DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A CHELSEA FOOD
MARKET). I am duly authorized to make this affidavit of confession of judgment on behalf of
Delicious Food Mart, Inc. ((D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP.
F/D/B/A CHELSEA FOOD MARKET).

3.    Delicious Food Mart, Inc. ((D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S
DELI CORP. F/D/B/A CHELSEA FOOD MARKET), maintains its principal place of business
in New York County at _____.

4.    Pursuant to the terms of the Settlement Agreement and Release by and between
Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the
one hand, and the Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli
Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a
Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh

16

Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against, Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), individually and in favor of Plaintiffs for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for the sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) less any payments already made.

DELICIOUS FOOD MART, INC.
(D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET)

By: _____

Title: President

STATE OF _____ )
                          : ss.:

On _____, 2019, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeanie's Deli Corp. (f/d/b/a Chelsea Food Market) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeanie's Deli Corp. (f/d/b/a Chelsea Food Market) and was authorized to do so.

_____
Notary Public

17

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------------X

RAYMUNDO SALVADOR URAGA
PAVIAS and JORGE LUIS MIRANDA
GARCIA, *individually and on behalf of others
similarly situated,*

                 *Plaintiffs,*

-against-

JEANNIE'S DELI CORP. (D/B/A PARK
FRESH DELI F/D/B/A JEANNIE'S DELI
CORP. F/D/B/A CHELSEA FOOD
MARKET), PARK FRESH DELI EXPRESS
CORP. (D/B/A PARK FRESH DELI F/D/B/A
JEANNIE'S DELI CORP. F/D/B/A CHELSEA
FOOD MARKET), DELICIOUS FOOD
MART, INC. (D/B/A PARK FRESH DELI
F/D/B/A JEANNIE'S DELI CORP. F/D/B/A
CHELSEA FOOD MARKET), SUK N
PARK , RICHIE DOE , and ISABEL DOE
-------------------------------------------------------------------X
              *Defendants*

**Index No.**

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

STATE OF NEW YORK  )
                  ) ss.
COUNTY OF *N.Y.*  )

Suk N Park, being duly sworn, deposes and says:

1.    I reside in *N.Y.*, New York

2.    This affidavit of confession of judgment is for debt justly due to Plaintiffs Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the one hand, and under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants") are to submit a total sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) to Plaintiffs.

3.    Pursuant to the terms of the Settlement Agreement and Release by and between Plaintiffs

19

Raymundo Salvador Uraga Pavias and Jorge Luis Miranda Garcia ("Plaintiffs") on the one hand, and the Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Delicious Food Mart, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) (collectively, the "Defendant Corporations"), and Suk N Park (the "Individual Defendant," and together with the Defendant Corporations "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for double the sum due under the Settlement Agreement less any payments already made.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $300,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule) against me, Suk N Park.

Suk N Park

11th day of Sept. of 2019

Notary Public

ANDREW A. KIMLER
Notary Public, State of New York
No. 01KI4658850
Qualified in New York County
Commission Expires 09/30/2022

20